# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RALPH MCCLAIN,** | : | Civil No. 1:19-CV-1951 |
| | : | |
| Plaintiff, | : | |
| | : | (Judge Rambo) |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| **PENNSYLVANIA DEPARTMENT OF** | : | |
| **CORRECTIONS, et al.** | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM AND ORDER

The background of this order is as follows:

This *pro se* prisoner lawsuit was removed to federal court by the defendants, who then filed a motion to dismiss the complaint. (Doc. 5). This motion to dismiss challenged the legal sufficiency of the spare, 4-page complaint originally filed by McClain, a state inmate, in state court. (Doc. 1-2). Upon consideration of this motion, we recommended that the motion be granted, in part, and denied, in part. The district court adopted this recommendation.

On May 18, 2020, McClain filed an amended complaint. (Doc. 21). The defendants moved to strike this amended complaint as untimely and not authorized by leave of court. (Doc. 22). McClain then responded to this motion to strike, filed a further amended complaint, and filed a motion for leave to amend his complaint.

1

(Doc. 24-26). In addition, McClain filed a motion to compel answers to discovery he had propounded based upon an earlier version of his complaint. (Doc. 27).

Rule 15(a) of the Federal Rules of Civil Procedure, which governs amendment of pleadings strongly favors amendment of pleadings, and provides that such leave to amend should be liberally granted "when justice so requires." Fed. R. Civ. P. 15(a)(2).

Accordingly, in accordance with the dictates of Rule 15 IT IS ORDERED as follows:

1. The plaintiff's motion for leave to amend his complaint (Doc. 26), is GRANTED, and the proffered amended complaint, (Doc. 24), will be lodged by the clerk as the amended complaint and operative pleading in this matter.

2. We believe that this development has substantive significance for the parties with respect to the pending motion to strike and motion to compel, both of which related to prior complaints filed by McClain, complaints which McClain has now abandoned. As a matter of law, an amended complaint takes the place of the original complaint, effectively invalidating the original complaint. <u>Crysen/Montenay Energy Co. v. Shell Oil Co. (In re Crysen/Montenay Energy Co.)</u>, 226 F.3d 160, 162 (2d Cir. 2000) ("[A]n amended pleading ordinarily supersedes the original and renders it of no legal effect"); <u>see</u> 6 Charles Alan Wright, Arthur R. Miller & Mary

Kay Kane, Federal Practice & Procedure § 1476 (2d ed. 1990) ("A pleading that has been amended ... supersedes the pleading it modifies.... Once an amended pleading is interposed, the original pleading no longer performs any function in the case...."). Therefore, since McClain's prior complaints are now legal nullities the defendant's motion to strike a prior version of the complaint, (Doc. 22), and McClain's motion to compel discovery relating to those prior complaints (Doc. 27), are DISMISSED as moot.

      3.    However, this motion to amend is granted without prejudice to the assertion of any defenses or dispositive motions that the defendants may believe are appropriate with respect to the amended complaint, and without prejudice to McClain propounding new discovery requests based upon the allegations in the amended complaint that has now been approved by this court.(Doc. 24).

      SO ORDERED, this 4th day of June 2020.

                                      */s/ Martin C. Carlson*
                                      Martin C. Carlson
                                      United States Magistrate Judge