IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RALPH MCCLAIN,** | : Civil No. 1:19-cv-1951 |
| **Plaintiff,** | : |
| v. | : |
| **PENNSYLVANIA DEPARTMENT OF CORRECTIONS, et al.,** | : |
| **Defendants.** | : Judge Sylvia H. Rambo |

### MEMORANDUM

Before the court is a report and recommendation ("R&R") by Magistrate Judge Carlson (Doc. 56) in which he recommends that Plaintiff's motion to further amend his complaint (Doc. 43) be granted in part and denied in part insofar as Plaintiff should not be permitted to pursue a First Amendment retaliation claim but should be permitted to add the remaining additional defendants and claims. Plaintiff timely filed an objection to the R&R (Docs. 57-58), and Defendants filed a response to the objection (Doc. 60). For the reasons set forth below, the court will adopt the R&R in part and deny it in part.

### I.   Background

Upon *de novo* review of the record, the court adopts the R&R's statement of facts and procedural history concerning this matter. Briefly, Plaintiff Ralph McClain ("McClain") is a state inmate who filed this action against the Pennsylvania Department of Corrections ("DOC") and several correctional staff, alleging that his

Eighth and Fourteenth Amendment rights were violated. According to the First Amended Complaint, McClain's claims stem from his intake at the State Correctional Institution at Camp Hill, where, following an initial evaluation, staff indicated he may need to be interviewed further for a risk of suicide. (Doc. 24.) After subsequent interviews with multiple prison staff, some of whom were unnamed in his initial amended complaint, McClain was placed in the Residential Treatment Unit ("RTU") because it was determined that he was at a high risk of suicide. (*Id.* at ¶ 16.) McClain alleges that on multiple occasions, he informed these defendants that he had frequent thoughts of committing suicide. (*Id.* at ¶ 20.) Nonetheless, on December 13, 2018, McClain was moved out of the RTU—where the cells were specially designed without bars or hooks to keep inmates from attempting suicide—and placed on B Block. (*Id.* at ¶¶ 21, 23.) That same day, McClain attempted to take his life by hanging himself from the bars of his cell in B Block. (*Id.* at ¶ 22.)

In the instant motion to file a second amended complaint following several months of discovery, McClain seeks to add nine new defendants as well as new Eighth Amendment claims, a First Amendment retaliation claim, a claim under the Americans with Disability Act, and state law negligence claims. The magistrate judge recommends granting leave to amend with respect to all additional defendants and claims with the exception of the retaliation claim.

## II. <u>Legal Standard</u>

When objections are timely filed to a magistrate judge's report and recommendation, the district court must conduct a *de novo* review of those portions of the report to which objections are made. 28 U.S.C. § 636(b)(1); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. *Rieder v. Apfel*, 115 F. Supp. 2d 496, 499 (M.D. Pa. 2000) (citing *United States v. Raddatz*, 447 U.S. 667, 676 (1980)). For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72(b), advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F. Supp. 2d 465, 469 (M.D. Pa. 2010) (citation omitted). Regardless of whether or not timely objections are made, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Local Rule 72.31.

## III. <u>Discussion</u>

The R&R recommends, in part, that McClain not be permitted to add a First Amendment retaliation claim in his second amended complaint. In analyzing the

proposed claim through the futility framework of Federal Rule of Civil Procedure 15, the magistrate judge relied on McClain's apparent concession that his so-called protected speech amounted to inappropriate sexual advances toward RTU staff. (Doc. 56, pp. 14-15.) The magistrate judge concluded that such speech is not protected by the First Amendment and cannot form the basis of McClain's retaliation claim and thus leave to amend would be futile.

In his objection to the report and recommendation, McClain argues that he should be entitled to pursue his claim of First Amendment retaliation for his exercise of free speech because, contrary to the R&R's findings (*see* Doc. 56, pp. 13-14), he has never conceded that the speech at issue amounted to inappropriate sexual advances toward RTU staff at the prison despite it being classified as such by prison officials. He emphasizes that he never received a reprimand from the prison for use of inappropriate language or sexual advances during his time in the RTU. Instead, he states that he was retaliated against for his "frequent attention seeking for his depression and that his frequent request to speak with the RTU counselor and psychologist was misconstrued and looked at as him seeking a personal relationship with them." (Doc. 57, p. 6 of 10.)

The court is constrained to grant McClain's objection. While Defendants point to evidence to suggest that the speech did in fact amount to sexual harassment and unwanted advances toward RTU staff, taking this evidence into account at this stage

in the proceedings impermissibly requires the court to consider matters outside the pleadings. *See Tri3 Enterprises, LLC v. Aetna, Inc.*, 535 F. App'x 192, 195 (3d Cir. 2013). Therefore, while there is a serious question as to whether Plaintiff can establish that his speech should be deemed worthy of First Amendment protection, such an issue is better resolved for summary judgment. Because the court further concludes that the defendants would not be unfairly prejudiced by the addition of this claim as it arises out of the same nucleus of operative facts as the other claims in this case, the court will permit Plaintiff to add the First Amendment retaliation claim.

## IV. Conclusion

For the reasons stated herein, the R&R will be adopted in part and denied in part. An appropriate order will issue.

s/Sylvia H. Rambo  
Sylvia H. Rambo  
United States District Judge

Dated: November 9, 2021