## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RALPH MCCLAIN,** | : | **Civil No. 1:19-CV-1951** |
| | : | |
| **Plaintiff,** | : | |
| | : | **(Judge Rambo)** |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **PENNSYLVANIA DEPARTMENT OF** | : | |
| **CORRECTIONS, et al.** | : | |
| | : | |
| **Defendants.** | : | |

## <u>MEMORANDUM AND ORDER</u>

### I.      <u>Factual Background</u>

This is *pro se* prisoner lawsuit comes before us for consideration of several discovery motions. By way of background, on February 8, 2021, we stayed discovery in this case, explaining that: "further discovery is STAYED pending resolution of [a] motion to amend, at which time we can address with all parties discovery questions in the context of the operative pleading that is ultimately approved by the court." (Doc. 53). While the plaintiff ultimately filed an amended complaint, an act which could have reopened discovery, (Doc. 63), McClain then filed two motions to further amend this amended pleading. (Docs. 85 and 87). These motions are opposed by the defendants and remain pending. Thus, the prerequisite

which we identified to re-opening discovery, an operative pleading that is ultimately approved by the court, still does not exist in this case.

Notwithstanding this fact, McClain has filed a motion which seeks to compel discovery even before the court and the parties have finalized the pleadings. (Doc. 95). The defendants, in turn, have filed motions to stay discovery pending resolution of dispositive motions and finalization of pleadings. (Docs. 103 and 106). For the reasons set forth below, we will GRANT the motions to stay, (Docs. 103 and 106), and DENY the motion to compel, (Doc. 95), until such time as the pleadings in this case are closed.

## II.     Discussion

Several basic guiding principles inform our resolution of the instant discovery issues. At the outset, rulings regarding the proper scope and timing of discovery are matters consigned to the court's discretion and judgment. Thus, it has long been held that decisions regarding Rule 37 motions are "committed to the sound discretion of the district court." DiGregorio v. First Rediscount Corp., 506 F.2d 781, 788 (3d Cir. 1974). Similarly, issues relating to the timing and scope of discovery permitted under Rule 26 also rest in the sound discretion of the Court. Wisniewski v. Johns-Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987). Thus, a court's decisions regarding the conduct of discovery will be disturbed only upon a showing of an abuse of discretion. Marroquin-Manriquez v. I.N.S., 699 F.2d 129, 134 (3d Cir. 1983). This far-reaching

discretion extends to rulings by United States Magistrate Judges on discovery matters. In this regard:

> District courts provide magistrate judges with particularly broad discretion in resolving discovery disputes. See Farmers & Merchs. Nat'l Bank v. San Clemente Fin. Group Sec., Inc., 174 F.R.D. 572, 585 (D.N.J.1997). When a magistrate judge's decision involves a discretionary [discovery] matter . . . , "courts in this district have determined that the clearly erroneous standard implicitly becomes an abuse of discretion standard." Saldi v. Paul Revere Life Ins. Co., 224 F.R.D. 169, 174 (E.D.Pa.2004) (citing Scott Paper Co. v. United States, 943 F.Supp. 501, 502 (E.D.Pa.1996)). Under that standard, a magistrate judge's discovery ruling "is entitled to great deference and is reversible only for abuse of discretion." Kresefky v. Panasonic Commc'ns and Sys. Co., 169 F.R.D. 54, 64 (D.N.J.1996); see also Hasbrouck v. BankAmerica Hous. Servs., 190 F.R.D. 42, 44-45 (N.D.N.Y.1999) (holding that discovery rulings are reviewed under abuse of discretion standard rather than de novo standard); EEOC v. Mr. Gold, Inc., 223 F.R.D. 100, 102 (E.D.N.Y.2004) (holding that a magistrate judge's resolution of discovery disputes deserves substantial deference and should be reversed only if there is an abuse of discretion).

Halsey v. Pfeiffer, No. 09-1138, 2010 WL 3735702, *1 (D.N.J. Sept. 17, 2010).

We also note that our broad discretion over discovery matters extends to decisions under Rule 26 relating to the issuance of protective orders limiting and regulating the timing of discovery. Indeed, it is undisputed that: " '[t]he grant and nature of [a protective order] is singularly within the discretion of the district court and may be reversed only on a clear showing of abuse of discretion.'" Dove v.

Atlantic Capital Corp., 963 F.2d 15, 19 (2d Cir. 1992) (quoting Galella v. Onassis,

487 F.2d 986, 997 (2d Cir. 1973) (citation omitted)).

This discretion is guided, however, by certain basic principles. One of these

cardinal principles governing the exercise of discretion in this field is that the district

court may properly defer or delay discovery while it considers a potentially

dispositive pretrial motion, provided the district court concludes that the pretrial

motion does not, on its face, appear groundless. See, e.g., James v. York County

Police Dep't, 160 F.App'x 126, 136 (3d Cir. 2005); Nolan v. U.S. Dep't of Justice,

973 F.2d 843,849 (10th Cir. 1992); Johnson v. New York Univ. Sch. of Ed., 205

F.R.D. 433, 434 (S.D.N.Y. 2002). Briefly deferring discovery in such a case, while

the court determines the threshold issue of whether a complaint has sufficient merit

to go forward, recognizes a simple, fundamental truth: parties who file motions that

may present potentially meritorious and complete legal defenses to civil actions

should not be put to the time, expense, and burden of factual discovery for

themselves and others until after these claimed legal defenses are addressed by the

court. Furthermore, discovery should be deferred until such time as the parties have

closed the pleadings, so that the scope of the existing claims and defenses can be

readily understood.

In such instances, it is clearly established that:

"[A] stay of discovery is appropriate pending resolution of a potentially
dispositive motion where the motion 'appear[s] to have substantial

4

grounds' or, stated another way, 'do[es] not appear to be without foundation in law.' " In re Currency Conversion Fee Antitrust Litigation, 2002 WL 88278, at *1 (S.D.N.Y. Jan. 22, 2002) (quoting Chrysler Capital Corp. v. Century Power Corp., 137 F.R.D. 209, 209-10 (S.D.N.Y.1991)) (citing Flores v. Southern Peru Copper Corp., 203 F.R.D. 92, 2001 WL 396422, at *2 (S.D.N.Y. Apr. 19, 2001); Anti-Monopoly, Inc. v. Hasbro, Inc., 1996 WL 101277, at *2 (S.D.N.Y. March 7, 1996)).

Johnson, 205 F.R.D. at 434.

In this case, there are several pending motions which will define the scope of the claims and parties. These include McClain's latest motions to further amend his complaint, as well as anticipated defense motions to dismiss. We believe that full blown discovery in this case should await the close of pleadings, something that has not yet occurred, in part due to the plaintiff's repeated efforts to amend and change his complaint. Therefore, in the exercise of our discretion we will stay discovery, and deny the plaintiff's motion to compel discovery. However, we take this action without prejudice to the plaintiff seeking further discovery if necessary once the pleadings in this case are finalized.

An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RALPH MCCLAIN,** | : | **Civil No. 1:19-CV-1951** |
| | : | |
| **Plaintiff,** | : | |
| | : | **(Judge Rambo)** |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **PENNSYLVANIA DEPARTMENT OF** | : | |
| **CORRECTIONS, et al.** | : | |
| | : | |
| **Defendants.** | : | |

## **ORDER**

AND NOW, this 22d day of March 2022, in accordance with the accompanying Memorandum IT IS ORDERED that we will GRANT the motions to stay, (Docs. 103 and 106), and DENY the motion to compel, (Doc. 95), until such time as the pleadings in this case are closed.

*S/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge

6