UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RALPH MCCLAIN,** | : | Civil No. 1:19-CV-1951 |
| | : | |
| **Plaintiff,** | : | |
| | : | (Judge Rambo) |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| **PENNSYLVANIA DEPARTMENT OF CORRECTIONS, et al.** | : | |
| | : | |
| | : | |
| **Defendants.** | : | |

## **MEMORANDUM AND ORDER**

The background of this order is as follows:

This *pro se* prisoner lawsuit was removed to federal court by the defendants on November 15, 2019. Since that time, there have been prolonged pretrial proceedings, marked by a number of motions to dismiss filed by the defendants, along with numerous requests by McClain to amend his complaint. (Docs. 2-121).

Most recently, McClain filed a motion for leave to file a fourth amended complaint. (Doc. 122). The defendants never directly responded to this motion to amend. Instead, the defendants moved to dismiss McClain's third amended complaint. (Docs. 127, 134).

Rule 15(a) of the Federal Rules of Civil Procedure, which governs amendment of pleadings strongly favors amendment of pleadings, and provides that such leave

1

to amend should be liberally granted "when justice so requires." Fed. R. Civ. P. 15(a)(2). In this case, McClain has sought leave to amend, which has not been opposed by the defendants. Given the failure to file an opposition to this motion for leave to amend, the motions will be deemed unopposed and will be granted, as follows:

    1.    The plaintiff's motion for leave to further amend his complaint (Doc. 122), is GRANTED, and the proffered fourth amended complaint, (Doc. 122-2), will be lodged by the clerk as the fourth amended complaint and operative pleading in this matter. **Plaintiff is advised that, given these multiple amendments of this complaint, no further leave to amend will be granted.**

    2.    We believe that this development has substantive significance for the parties with respect to the pending motions to dismiss the third amended complaint, (Docs. 127, 134). As a matter of law, an amended complaint takes the place of the original complaint, effectively invalidating the original complaint. <u>Crysen/Montenay Energy Co. v. Shell Oil Co. (In re Crysen/Montenay Energy Co.)</u>, 226 F.3d 160, 162 (2d Cir. 2000) ("[A]n amended pleading ordinarily supersedes the original and renders it of no legal effect"); <u>see</u> 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, <u>Federal Practice & Procedure</u> § 1476 (2d ed. 1990) ("A pleading that has been amended … supersedes the pleading it modifies…. Once an amended pleading is

interposed, the original pleading no longer performs any function in the case…."). Therefore, since McClain's prior complaints are now legal nullities the defendants' motions to dismiss this third amended complaint (Docs. 127, 134), are DISMISSED as moot.

    3.    However, this motion to amend is granted without prejudice to the assertion of any defenses or dispositive motions that the defendants may believe are appropriate with respect to the fourth amended complaint, and if the defendants' wish to renew their motions to dismiss, or in the alternative seek summary judgment, they should file their renewed motions on or before **May 1, 2023**.

    SO ORDERED, this 28th day of March 2023.

*/s/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge